# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NUMBER 2:94-CR-00001-03 |
| | § | |
| JERMON RODRIGUEZ CLARK, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's Application for Turnover Order (the "Application"). (Dkt. No. 196). Having considered the Application, the Court is of the opinion that it should be and hereby is **DENIED**.

### I.   BACKGROUND

Defendant Jermon Rodriguez Clark (the "Defendant") previously pled guilty to 18 U.S.C. § 2119, Anti-Car Theft Act of 1992 – Carjacking ("Count 1"), 18 U.S.C. § 924(c)(1), Use of a Firearm During a Crime of Violence ("Count 2"), and Aiding and Abetting as to Counts 1 and 2. (Dkt. No. 128 at 1). The Court sentenced Defendant on December 1, 1995 and entered judgment on December 4, 1995. (*See* Dkt. No. 128). As a part thereof, the Court ordered Defendant to pay $15,776.47 in restitution. (*Id*. at 4-5).

As of October 26, 2020, a balance of $10,646.97 remained unpaid as to the restitution amount. (Dkt. No. 196 at 1). Defendant remains in federal custody at FCI Beaumont Low. (*Id*.). As of October 6, 2020, the Bureau of Prisons holds funds of Defendant totaling $5,370.78 (the "Funds") as part of Defendant's inmate trust account. (*Id*. at 2). The Government filed this Application, seeking an order directing the Bureau of Prisons to turn over the Funds to the Government to be applied to the restitution balance. (*Id*. at 4).

## II. LEGAL STANDARD

A fine imposed on sentencing is a lien in favor of the Government and may be enforced pursuant to the practice and procedures of the state in which the sentencing Court is located. 18 U.S.C. § 3613(a) (1994); Fed. R. Civ. P. 69(a). The Texas Turnover Statute, which entitles a judgment creditor to court aid to reach property to satisfy a judgment, is one means by which a criminal debt may be satisfied. *United States v. Messervey*, 182 F. App'x 318, 320–21 (5th Cir. 2006); Tex. Civ. Prac. & Rem. Code § 31.002. The Texas Turnover Statute has been applied to inmate trust accounts. *See, e.g.*, *United States v. Diehl*, 848 F.3d 629, 634–35 (5th Cir. 2017).

"A trial court's judgment as to whether issuance of a turnover order was justified is reviewed under an abuse of discretion standard and may be reversed only if the court has acted in an unreasonable or arbitrary manner." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

## III. DISCUSSION

Under the operative statutory provision at the time of Defendant's conviction in 1995, referred to as the Victim Witness Protection Act (the "VWPA"), "[a] lien becomes enforceable and liability to pay a fine expires (1) twenty years after the entry of judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b) (1994). In 1996, the statute was amended as part of the Mandatory Victims Restitution Act (the "MVRA") to read: "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." Pub. L. 104-132, Title II, Sec. 207(c)(3), amending 18 U.S.C. § 3613(b) (1996). The parties dispute which provision applies in this case.

The Government argues that, although Defendant was sentenced in 1995 when the VWPA was in effect, the MVRA applies retroactively to the period of enforcement. (Dkt. No. 198 at 2). In support, the Government cites *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) and *United States v. Blackwell*, 852 F.3d 1164, 1165–66 (9th Cir. 2017). (*Id*. at 2-3). The Government argues that, because the execution of the lien is procedural and does not affect Defendant's substantive rights, the Ex Post Facto Clause is not violated. (*Id*. at 3-4).

Defendant argues that the issue is not whether the retroactive application of the MVRA violates the Ex Post Facto Clause. (Dkt. No. 199 at 1-2). Rather, Defendant's argument is that the MVRA expressly limits its applicability to proceedings after its effective date. (*Id*. at 2). Defendant points to three cases in which courts declined to apply the MVRA retroactively: *United States v. Duke*, 739 F. App'x 970, 972 (11th Cir. 2018); *United States v. Walker*, 698 F. App'x 584, 585 (11th Cir. 2017); and *Jones v. Handy*, Case No. A-16-CV-643-LY, 2017 WL 75768 (W.D. Tex. 2017). (*Id*.).

The Court finds that the MVRA should not be applied retroactively. The plain language of the MVRA provides for its prospective application *only*, which precludes its retrospective application. *Walker*, 698 F. App'x at 585 ("Given Congress's stated intent that the MVRA apply only to defendants convicted on or after 24 April 1996, the district court erred in applying retroactively a provision of the MVRA to [Defendant's] 1995 sentence."); *Duke*, 739 F. App'x at 972 ("Because [Defendant] was convicted before April 24, 1996, the district court erred in applying the Mandatory Victims Restitution Act."). Given the plain language of the MVRA, this result makes sense—the MVRA provides that the applicable amendments are "effective for sentencing proceedings in cases in which the defendant is convicted *on or after the date of enactment* of this Act," April 24, 1996. Pub. L. 104-132, Title II, Sec. 211 (emphasis added). The

3

Court finds that the Government's lengthy briefing to show that their position survives an application of the Ex Post Facto Clause misses the point, as the plain language of the MVRA made its application prospective only; in which context, the Ex Post Facto Clause is a non-issue.

The Bureau of Prisons represents, in a Statement of Inmate Financial Responsibility, that Defendant's restitution obligations have expired. (Dkt. No. 197-5). The Parties dispute the consequence of this representation. (*See* Dkt No. 197 at 8-9; Dkt. No. 198 at 4-5; Dkt. No. 199 at 4-5). Given the plain inapplicability of the MVRA to this case, the Court finds it unnecessary to address that dispute.

### IV. CONCLUSION

In light of the foregoing, and for the reasons stated above, the Court finds that the Application should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 15th day of December, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE